UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLONEL CLIFFORD ACREE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE REPUBLIC OF IRAQ, )<br>)<br>THE IRAQI INTELLIGENCE SERVICE, )<br>)<br>and )<br>)<br>SADDAM HUSSEIN in his official capacity as )<br>PRESIDENT OF THE REPUBLIC OF IRAQ, )<br>and in his individual capacity, )<br>c/o Ministry of Foreign Affairs )<br>Baghdad, Republic of Iraq )<br>)<br>and )<br>)<br>John Does 1-100 )<br>)<br>Defendants. )<br>_____) | Civ. A. No. 06-0723(RWR) |

## AFFIDAVIT REQUESTING ENTRY OF DEFAULT

Stephen A. Fennell, being duly sworn, deposes and says as follows:

1. I am counsel of record for Plaintiffs in the matter captioned above. My D.C. Bar number is 290379. I submit this Affidavit in support of Plaintiffs' application for an Entry of Default against Defendants in this matter.

2. This Court's authority for obtaining personal jurisdiction over the Defendants is pursuant to 28 U.S.C. § 1330, which gives rise to a claim for relief with respect to a foreign state, or an agency or instrumentality thereof, not entitled to immunity under sections 1605 through 1607 of that title (the Foreign Sovereign Immunities Act, hereinafter the "FSIA"). In particular,

28 U.S.C. § 1605(a)(7) exempts a foreign state designated as a state sponsor of terrorism, or an agency or instrumentality thereof, from immunity in cases as specified in that section in which money damages are sought for personal injury or death that was caused by an act of torture.

3. Service of process, including an Offer to Arbitrate in accordance with accepted international rules of arbitration, was made on Defendants pursuant to 28 U.S.C. § 1608(a)(3) on April 30, 2006. A Notice of Filing accompanying copies of documents verifying service and indicating the date on which the service papers were transmitted was filed with the Court on May 17, 2006.

4. Pursuant to section 1608(d) of the FSIA, Defendants were required to serve their "answer or other responsive pleading to the complaint within sixty [60] days after service . . . [had] been made . . . ". Accordingly, Defendants' answer or other responsive pleading was due on or before June 29, 2006.

5. As of the date of this Affidavit, more than sixty (60) days have passed since Defendants' answer or other responsive pleading was due, no appearance has been entered by the Defendants in this matter, and no answer or other responsive pleading has been filed with the Court or served upon counsel for Plaintiffs.

6. The Clerk is hereby requested pursuant to Rule 55 of the Federal Rules of Civil Procedure to enter a Default against Defendants.

Stephen A. Fennell

Sworn to and subscribed before me
this ___ day of August, 2006

_____
Notary Public
My commission expires _____