IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFFORD ACREE, *et al.*,        ) | |
| ) | |
| Plaintiffs,        ) | |
| ) | |
| v.        ) | Civil Action No. 06-723 (RWR) |
| ) | |
| THE REPUBLIC OF IRAQ, *et al.*,        ) | |
| ) | |
| Defendant.        ) | |
| _____) | |

**JOINT STATUS REPORT OF THE PARTIES**

Pursuant to the Minute Order entered by the Court on 20 April 2007, parties Defendant Republic of Iraq and Plaintiffs Clifford Acree, *et al*., having conferred through counsel, respectfully submit this Joint Status Report reflecting each party's respective positions regarding service of process and schedule for motions to be filed next.

**I.   SERVICE OF PROCESS**

Based on investigation to date, Defendant Republic of Iraq has reason to believe that defects may exist in the service of the Republic of Iraq attempted to be effected by Plaintiffs. Specifically, at this time, Republic of Iraq believes that Plaintiffs' attempted service does not meet the requirements of 28 U.S.C. § 1608(a)(3), and, thus, *in personam* jurisdiction might not exist in this case. Investigation by the Republic of Iraq continues. Counsel for Republic of Iraq expects to be in a position to advise the Court definitively of its position on this issue within the next thirty (30) days. Accordingly, Republic of Iraq presently seeks to reserve the right to challenge sufficiency of service through an appropriate Rule 12 motion.

Plaintiffs take the position that service on the Republic of Iraq was effective under 28 U.S.C. § 1608(a)(3).

## II. MOTIONS TO BE FILED NEXT

### A. Motion by Republic of Iraq to Place in Abeyance All Further Proceedings in this Case Pending Consideration and Final Resolution of Plaintiffs' Rule 60(b)(6) Motion in *Acree v. Republic of Iraq* (D.D.C. Civ. No. 02-632-RWR) (*Acree I*)

#### 1. POSITION OF DEFENDANT REPUBLIC OF IRAQ

On 4 April 2002, Plaintiffs filed the Complaint in *Acree v. Republic of Iraq et al.*, (D.D.C. Civ. No. 02-0632-RWR) naming Saddam Hussein, Iraqi Intelligence Service and the Republic of Iraq as defendants (the "Defendants"). On 23 September 2002, Plaintiffs filed an affidavit of return of service of the *Acree I* summons and complaint as to Defendants.

On 25 September 2002, the Clerk of Court entered a notice of Default as to Defendants. In March 2003, the United States and Coalition partners commenced major combat operations against the Saddam Hussein regime, invading Iraq and disrupting the ordinary governmental operations of the Saddam regime. On 31 March 2003, Plaintiffs sought entry of default judgment against all Defendants.

On 9 April 2007, United States and Coalition military forces entered Baghdad and overthrew the Saddam regime, causing all regime governmental functions to cease. Shortly thereafter, the United States acted to cause the creation of the Coalition Provisional Authority (CPA) as the occupation government of Iraq.

On 7 July 2003, the Court entered a final default judgment in favor of Plaintiffs. On or about 17 July 2003, Plaintiffs filed an amended request with the Clerk of Court for

mailing of two copies of the final judgment and notice of default judgment to each Defendant.[1]

On 18 July 2003, Plaintiffs moved for an emergency writ of attachment. On 21 July 2003, the United States moved to intervene; the Court denied the United States' motion on 6 August 2003. Then followed the United States' appeal to the Court of Appeals on 22 August 2003. On 4 June 2004, the Court of Appeals "ordered and adjudged that . . . the District Court's judgment for appellees Acree, et al., be vacated and the suit be dismissed, in accordance with the opinion of the Court of Appeals filed herein this date." *See Acree v. Republic of Iraq*, 370 F.3d 41 (D.C. Cir. 2004), *cert. denied*, 125 S. Ct. 1928 (2005).

Thereafter, the Court of Appeals judgment against Plaintiffs became final by operation of law. *Id*.

On 28 June 2004, the CPA turned over sovereignty to the new Interim Government of Iraq.

On or about 3 June 2005, Plaintiffs presented a Rule 60(b)(6) motion to this Court. The United States opposed Plaintiffs' Rule 60(b)(6) motion, for the several reasons stated in the United States' opposition presented to the Court on August 2005. On 12 August 2005, Plaintiffs presented their reply. As yet, the Court has not ruled on Plaintiffs' *Acree I* Rule 60(b)(6) motion.

Plaintiffs subsequently filed the Complaint in this action (hereinafter *Acree II*).

---

[1] The Government of Iraq presently is investigating whether *Acree I* service of process and/or service of the District Court's Final Judgment and Notice of Judgment were defective, and, thus, did not suffice to establish jurisdiction over defendants Government of Iraq and Iraqi Intelligence Service.

The Republic of Iraq believes that abatement of proceedings in this action until such time as Plaintiffs' Rule 60(b)(6) motion is decided by this Court and finally resolved by any appeal of such decision is warranted.[2]

Accordingly, the Republic of Iraq intends to move for such abatement in this action. With leave of Court, the Republic of Iraq will present such motion concurrent with Republic of Iraq's Rule 55(c) motion to set aside the Clerk's entry of default against the Republic of Iraq. The Republic of Iraq proposes the same briefing schedule for such motion as the briefing schedule agreed by the parties for the Rule 55(c) motion, discussed below.

### 2. PLAINTIFFS' POSITION

Plaintiffs will oppose such a motion to abate *Acree II* proceedings. Plaintiffs, however, agree to the briefing schedule proposed by Republic of Iraq for this motion, should the Court grant leave for Defendant to file such a motion.

Plaintiffs disagree that Iraq is entitled to appear in *Acree I*, contrary to the suggestion in Defendant Republic of Iraq's note 2, below. The Saddam regime government in Iraq failed to appear in *Acree I* and, as noted above, a default judgment was entered against all Defendants in July 2003.

### B. Joint Position on Rule 55(c) Motion to Set Aside Clerk's Entry of Default

Defendant Republic of Iraq has requested that Plaintiffs agree to a joint request to the Court that the Court set aside the Clerk's entry of default. Plaintiffs have not agreed.

---

[2] The Government of Republic of Iraq is in the process of authorizing direct proceedings in *Acree I*. Until approximately two weeks ago, the Republic of Iraq was not aware either that a Rule 60(b)(6) motion had been brought by Plaintiffs and is pending in *Acree I*. (No docket entry appears for the motion, opposition or reply.)

The Parties thereafter have agreed, and propose to the Court, the following proposed schedule for Republic of Iraq's Rule 55(c) motion, to be given effect by the Court entering a Scheduling Order providing that:

1. Defendant Republic of Iraq shall have sixty (60) days from the date of entry of the Scheduling Order to file and serve a Rule 55(c) motion to set aside the Clerk's Entry of Default;

2. Plaintiffs shall have sixty (60) days thereafter to file and serve any opposition; and

3. Defendant Republic of Iraq shall have thirty (30) days thereafter to file and serve its reply to such opposition.

**C.**    **Time to Answer or Otherwise Respond to the Complaint**

The Parties have agreed to the following schedule as relates to time for the Republic of Iraq to answer or otherwise respond to the Complaint, provided, however, that such schedule shall apply only if the Court sets aside the Clerk's entry of default in this action:

1. Defendant Republic of Iraq shall have sixty (60) days from the date of entry of the Court's order setting aside the Clerk's entry of default to answer or otherwise respond to the Complaint in accordance with applicable Federal Rules of Civil Procedure;

2. Plaintiffs shall have sixty (60) days thereafter to file and serve any opposition to any such motion; and

3. Defendant Republic of Iraq shall have thirty (30) days thereafter to file and serve its reply to such opposition.

Respectfully submitted by the Parties,

Dated: 18 May 2007
Washington, D.C.

/s/
Timothy B. Mills
DC Bar No. 425209
**MAGGS & MCDERMOTT, LLC**
910 17th Street, N.W.
Washington, DC 20006
Telephone: (202) 457-8090
TimothyBMills@aol.com
tmills@briellelaw.com
*Lead Counsel for Defendant Republic of Iraq*

/s/
Stephen A. Fennell
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8082
Fax: (202) 429-3902
Email: sfennell@steptoe.com
*Counsel for Plaintiffs*

/s/
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-8104
Email: tonorato@steptoe.com
*Counsel for Plaintiffs*

       /s/
John Norton Moore
OCEANS & INTERNATIONAL
307 Yoakum Parkway
Suite 3-1618
Alexandria, VA 22304
(703) 751-7798
Email: jmooreesq@aol.com
*Counsel for Plaintiffs*

       /s/
Mary Woodson Poag
STEPTOE & JOHNSON, L.L.P.
1330 Connecticut Avenue, NW.
Washington, DC 20036
(202) 429-8091
*Counsel for Plaintiffs*