UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
CLIFFORD ACREE, et al.,        )
                               )
          Plaintiffs,          )
                               )
          v.                   )     Civil Action No. 06-723 (RWR)
                               )
REPUBLIC OF IRAQ, et al.,      )
                               )
          Defendants.          )
_____)
```

MEMORANDUM OPINION AND ORDER

After the defendants failed to timely respond to the complaint, plaintiffs, American soldiers held as prisoners of war by the Republic of Iraq during the Gulf War, secured entry of default.  Iraq has filed a motion under Federal Rule of Civil Procedure 55(c) to set aside entry of default.  Because Iraq has raised meritorious defenses to the plaintiffs' claims and because the plaintiffs will not be prejudiced by a set aside, the defendant's motion to set aside entry of default will be granted.

BACKGROUND

Plaintiffs bring this action against the Republic of Iraq, the Iraqi Intelligence Service, and other individual defendants seeking compensation for injuries arising from the plaintiffs' captivity as prisoners of war in Iraq during the Gulf War.  The plaintiffs allege that jurisdiction is proper over Iraq under Section 1607(a)(7) of the Foreign Sovereign Immunities Act, 28

-2-

U.S.C. § 1607(a)(7).  After the defendants failed to timely
respond to the complaint, the plaintiffs secured an entry of
default.  Following entry of default, the parties filed a joint
status report proposing a schedule upon which this action should
proceed.  In light of the parties' joint status report, a
schedule was set for Iraq to file and the parties to brief a Rule
55(c) motion to set aside entry of default.  Within the time
permitted by the court's order, Iraq has filed a motion to set
aside entry of default, alleging that (1) its failure to timely
respond to plaintiff's complaint was attributable to excusable
neglect "arising from the impacts of war and reconstruction as
well as governmental reorganization;" (2) the plaintiffs will not
suffer prejudice from setting aside default; and (3) Iraq has
several meritorious defenses to the plaintiffs' claims, including
res judicata and collateral estoppel, statute of limitations, and
foreign sovereign immunity.  In support of its motion to set
aside entry of default, Iraq submits a declaration from Timothy
B. Mills and two declarations from Hanan Nassef that purport to
explain the circumstances beyond Iraq's control that caused
Iraq's failure to timely respond to the plaintiffs' complaint.
The plaintiffs opposed Iraq's motion to set aside entry of
default and also have moved to strike the Mills declaration and
the two Nassef declarations for failure to comply with applicable
federal and local civil rules.

-3-

## DISCUSSION

Under Rule 55(c), a court has discretion to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Default judgments are generally disfavored by courts "perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing." Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); see Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998) ("[A] default judgment must be a sanction of last resort to be used only when less onerous methods . . . will be ineffective or obviously futile." (internal quotation marks omitted)). Thus, while a court has discretion to decide whether to set aside an entry of default, "'there is a strong policy favoring the adjudication of a case on its merits[.]'" Strong-Fisher v. LaHood, 611 F. Supp. 2d 49, 51 (D.D.C. 2009) (quoting Baade v. Price, 175 F.R.D. 403, 405 (D.D.C. 1997)). Moreover, where, as here, the defendant is a foreign sovereign, default judgment is especially disfavored because "[i]ntolerant adherence to default judgments against foreign states could adversely affect [the United States'] relations with other nations and undermine the State Department's continuing efforts to encourage foreign sovereigns generally to resolve disputes within the United States' legal framework." Practical Concepts, Inc. v. Republic of Bolivia, 811 F.2d 1543, 1551 n.19, 1552 (D.C. Cir. 1987)

-4-

(internal quotation and alterations omitted) ("When a defendant foreign state has appeared and asserts legal defenses, albeit after a default judgment has been entered, it is important that those defenses be considered carefully and, if possible, that the dispute be resolved on the basis of all relevant legal arguments."). Thus, the court should recognize that the United States has an interest in protecting a foreign sovereign's interest "in being able to assert defenses based on its sovereign status." FG Hemisphere Assocs., LLC v. Democratic Republic of Congo, 447 F.3d 835, 838 (D.C. Cir. 2006).

A court considering whether to set aside an entry of default must balance three factors: "'whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" Jackson, 636 F.2d at 836 (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980)); see Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 8-12 (D.D.C. 2008) (applying the Jackson three-factor test). When balancing these factors, "all doubts are resolved in favor of the party seeking relief." Jackson, 636 F.2d at 836.

I.   LOCAL CIVIL RULE 7(G)

As a preliminary matter, the plaintiffs allege that Iraq's motion should be denied for failure to comply with Local Civil Rule 7(g) because Iraq's motion is not accompanied by a verified answer or motion to dismiss the complaint. Local Civil Rule 7(g)

instructs that "[a] motion to vacate an entry of default . . .
shall be accompanied by a verified answer presenting a defense
sufficient to bar the claim in whole or in part."  Although Local
Rule 7(g) speaks only of a verified answer, courts also routinely
accept and consider motions to set aside entry of default
accompanied by motions to dismiss, rather than verified answers.
See, e.g., Reading v. United States, 506 F. Supp. 2d 13, 19
(D.D.C. 2007) (finding no error in granting a motion to set aside
default judgment unaccompanied by a verified answer because a
motion to dismiss had already been filed); Owens v. Republic of
Sudan, 374 F. Supp. 2d 1, 9 (D.D.C. 2005) (noting that "[c]ourts
routinely allow defendants to file a motion to dismiss in place
of an answer despite a prior entry of default"); see also Strong-
Fisher, 611 F. Supp. 2d at 50 (considering a motion to set aside
entry of default and dismiss the complaint).  Similarly, because
there is a strong preference for resolving disputes on the
merits, district courts may, in appropriate circumstances,
exercise their discretion against denying a motion on a purely
procedural ground, such as the failure to file a verified answer
under Local Rule 7(g), in favor of considering the merits of the
parties' substantive arguments.  See, e.g., Owens, 374 F. Supp.
2d at 9 (stating that the court was "unaware of any decision in
which a court has struck a motion to dismiss following an entry
of default because the motion to vacate the default was filed

-6-

without an answer"); <u>Harris v. District of Columbia</u>, 159 F.R.D.
315, 317 (D.D.C. 1995) (setting aside entry of default despite
the defendants' failure to submit a verified answer with their
motion to vacate entry of default because of the court's
"reluctan[ce] to decide [the] case on procedural grounds").
Here, although Iraq's motion is not accompanied by an answer or
motion to dismiss, Iraq expressly seeks modification of Local
Rule 7(g)'s requirement that a motion to set aside entry of
default be accompanied by a verified answer and proposes a
schedule for Iraq to file a dispositive motion upon set aside of
entry of default.  Considering the established presumption
against granting default judgment against foreign nations, <u>see</u> <u>FG</u>
<u>Hemisphere</u>, 447 F.3d at 839, and the court's discretion to modify
a party's obligation under the local rules in appropriate
circumstances, Iraq's motion to set aside entry of default will
not be denied for failure to comply with Local Civil Rule 7(g)
and the merits of the motion will be considered.[1]

_____

[1]In addition, it appears that the plaintiffs may have waived
their argument that Iraq's motion should be denied for failure to
comply with Local Civil Rule 7(g).  Although not acknowledged by
either party, the parties' joint status report suggesting a
schedule for motions in this action reflects the parties'
agreement to a schedule under which Iraq would file a motion to
set aside entry of default and then have sixty days from the date
of entry of an order setting aside entry of default to answer or
otherwise respond to the complaint.  Iraq's filing of a motion to
set aside entry of default with a proposed schedule for Iraq to
respond to the complaint appears consistent with the previous
agreement between the parties.

-7-

II.  GOOD CAUSE TO SET ASIDE ENTRY OF DEFAULT

Balancing the Jackson factors favors setting aside the entry
of default.  First, the plaintiffs have not shown that they would
be prejudiced by setting aside the entry of default.  "'Delay in
and of itself does not constitute prejudice.'"  Capital Yacht
Club v. Vessel AVIVA, 228 F.R.D. 389, 393-94 (D.D.C. 2005)
(brackets omitted) (quoting KPS & Assocs., Inc. v. Designs by
FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003)); see Keegel, 627 F.2d
at 374 (finding that although "setting aside the default would
delay satisfaction of plaintiffs' claim, should plaintiffs
succeed at trial," such a delay "is insufficient to require
affirmance of the denial" of a motion to vacate entry of
default).  "The issue is not mere delay, but rather its
accompanying dangers: loss of evidence, increased difficulties of
discovery, or an enhanced opportunity for fraud or collusion."
KPS & Assocs., 318 F.3d at 15 (quoting FDIC v. Francisco Inv.
Corp., 873 F.2d 474, 479 (1st Cir. 1989)) (internal quotation
marks omitted).

Here, although the plaintiffs claim prejudice from Iraq's
failure to timely respond to the complaint, the plaintiffs have
not alleged that the delay has caused any accompanying dangers,
such as loss of evidence or inability to conduct discovery.  The
plaintiffs do allege that they will suffer prejudice from a set
aside because this action is no longer in a preliminary stage.

-8-

(<u>See</u> Pls.' Opp'n at 19-20.)   Contrary to the plaintiffs'
assertion, however, this action is still in a preliminary stage.
Discovery has not yet begun, and although the plaintiffs have
secured entry of default, they have not yet filed a motion for
default judgment or presented in this case evidence establishing
their right to relief to satisfy their burden under 28 U.S.C.
§ 1608(e).   <u>See</u>, <u>e.g.</u>, <u>Biton v. Palestinian Interim Self Gov't</u>
<u>Auth.</u>, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) (finding no prejudice
to the plaintiffs when "no discovery ha[d] been conducted, and no
summary judgment motions ha[d] been filed").   Because the
plaintiffs have shown no danger with proceeding and have not yet
expended any significant efforts to satisfy their burden of proof
for default judgment, the plaintiffs have not shown they will be
prejudiced by a set aside at this early stage.   <u>Cf.</u> <u>Whelan v.</u>
<u>Abell</u>, 48 F.3d 1247, 1259 (D.C. Cir. 1995) (finding "substantial
prejudice" when vacating entry of default would force non-
defaulting plaintiffs "to try their . . . claim a second time").

In addition, Iraq has identified several potentially
meritorious defenses, including res judicata, statute of
limitations, and foreign sovereignty immunity.   When moving to
vacate an entry of default, "the movant is not required to prove
a defense, but only to assert a defense that it may prove at
trial."   <u>Id.</u>   "Under the standards for vacating default in this
Circuit, a defense is meritorious if it 'contain[s] even a hint

of a suggestion' which, proven at trial, would constitute a complete defense." Harris, 159 F.R.D. at 317 (quoting Keegel, 627 F.2d at 374); see also Biton, 233 F. Supp. 2d at 33 (stating that "[l]ikelihood of success is not the measure" for determining whether a defense is meritorious" (internal quotation marks omitted)). Although the plaintiffs present arguments in opposition to the defendant's asserted defenses, the plaintiffs' brief arguments do not squarely foreclose the merits of Iraq's defenses, at least in part, because the parties' filings do not address the impact of the Supreme Court's recent decision in Republic of Iraq v. Beaty, 129 S. Ct. 2183 (2009).[2] Affording Iraq the benefit of the doubt, as is required under Jackson, 636 F.2d at 836, Iraq has offered sufficiently meritorious defenses that support setting aside entry of default.

Regarding the willfulness of the defendant's default, "[t]he boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003). Iraq contends that its default was not willful, but rather constituted inadvertence or excusable

---

[2]In its motion, Iraq specifically identifies Beaty as relevant to the success of its defenses. The petition for certiorari in Beaty was pending at the time of the filing of Iraq's motion.

neglect "attributable to the effect of war, reconstruction and
governmental reorganization," relying on the declarations of
Mills and Nassef to explain the circumstances resulting in Iraq's
default.  (Def.'s Mem. in Supp. of Mot. to Set Aside Default J.
at 11.)  By contrast, citing specific cases in which Iraq has
been an active party during the time in which it did not respond
in this case (Pls.' Opp'n at 15), the plaintiffs contend that
Iraq's familiarity with the United States courts and its
involvement in other litigation during their default in the
present suit suggest that Iraq's default was willful conduct
warranting denying the motion to vacate entry of default.  The
plaintiffs also challenge Iraq's use of the Mills and Nassef
declarations to support their motion.  In light of the
established preference to avoid granting default judgment against
foreign nations, and having found that the plaintiffs will not be
prejudiced by a set aside of the entry of default and that Iraq
has presented meritorious defenses, it is unnecessary to resolve
the parties' dispute as to willfulness.  Even accepting the
plaintiffs' contention that Iraq's default was willful, the
Jackson factors on balance nonetheless favor setting aside entry

-11-

of default.[3]  Thus, because there is good cause to set aside the clerk's entry of default, Iraq's motion will be granted.

CONCLUSION AND ORDER

Because Iraq has raised meritorious defenses to the plaintiffs' claims and setting aside the clerk's entry of default would not prejudice the plaintiffs, there is good cause to set aside the entry of default despite the plaintiffs' arguable showing that Iraq willfully defaulted by failing to timely respond to the complaint.  Because this conclusion does not depend upon the Mills and Nassef declarations submitted by the defendant in support of their motion, the plaintiffs' motions to strike these declarations will be denied as moot.  Accordingly, it is hereby

ORDERED that Iraq's motion [16] to set aside entry of default be, and hereby is, GRANTED.  It is further

ORDERED that Iraq shall have until forty five days from the entry of this memorandum opinion and order to answer or otherwise respond to the complaint.  If the defendant files a dispositive motion in response to the complaint, the plaintiffs shall have forty five days from the date of service of the motion to file an

_____

[3]Because the Jackson factors favor setting aside default even if Iraq's default was willful, this memorandum opinion does not make any finding as to whether Iraq's conduct was in fact willful and does not rely at all upon the Mills or Nassef declarations. Accordingly, the plaintiffs' motions to strike these declarations will be denied as moot.

-12-

opposition and the defendant shall have thirty days from the date of service of the plaintiffs' opposition to file a reply in support of its motion.  It is further

ORDERED that the plaintiffs' motions [19] and [25] to strike the declarations of Mills and Nassef be, and hereby are, DENIED AS MOOT.

SIGNED this 30th day of September, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge